UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN HASTINGS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:12-CV-2150-SNLJ |
| TERRY RUSSELL, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Kevin Hastings' petition for writ of habeas corpus.

## The Petition

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Liberally construing the petition, petitioner is challenging the Missouri Board of Probation and Parole's computation of the sentence he is currently serving at the Eastern Reception Diagnostic and Correctional Center. Petitioner states that he was convicted of crimes at both the state and federal levels. He alleges that "after serving 29 years and 4 months in the BOP after [doing] 10 months in the city jail, [he] was return[ed] back to the State of Missouri who [sic] refuse[d] to give [him] any jail time." Plaintiff claims that "according to the law of comity, [his] time was running concurrently," and therefore, he has "serve[d] his sentence" and should be released.

## Discussion

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for prisoners in its custody. *See* Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01. Moreover, the United States Court of Appeals for the Eighth Circuit has noted that Missouri law provides at least three distinct avenues for challenging a decision made by the Missouri Board of Probation and Parole: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. *Wayne v. Missouri Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). Petitioner states that the only remedies he has pursued include filing an "informal resolution, offender grievance" and an "appeal to the division director." This does not satisfy the exhaustion requirement for purposes of bringing a § 2254 action in Federal Court. As such, it appears that petitioner has available procedures that he must exhaust.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant petition for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice and without further notice to him.

Dated this 15th day of January, 2013.

_____
**UNITED STATES DISTRICT JUDGE**